IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DR. RONALD L. SCHROEDER, *et al.*, | |
| Plaintiffs, | No. 17 CV 4663 |
| v. | Judge Frederick J. Kapala |
| BRUCE RAUNER, *et al.*, | Magistrate Judge Iain D. Johnston |
| Defendants. | |

**FEDERAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS**

This case is a dispute between three Illinois plaintiffs and the State of Illinois about the validity of an Illinois law. Plaintiffs claim the Illinois law injures them, and they offer numerous reasons why applying the law to them would violate the U.S. constitution and federal law. Absent from the contours of this dispute, yet named as defendants in Plaintiffs' complaint, are two federal officials: Thomas E. Price, the Secretary of Health and Human Services, and Seema Verma,[1] the Administrator of the Centers for Medicare & Medicaid Services (collectively, "the Federal Defendants"). Plaintiffs do not bring any claims against the Federal Defendants; do not allege that the Federal Defendants have caused them any injury; and seek neither money damages nor any other form of relief from the Federal Defendants. Plaintiffs therefore lack standing to bring the Federal Defendants into this case.

---

[1] Although the complaint named Sean Cavanaugh as a party in his capacity as the Acting Administrator of the Centers for Medicare & Medicaid Services, in March 2017, Seema Verma was confirmed as the Administrator of this agency. Accordingly, Administrator Verma should be automatically substituted as the named party in this matter. *See* Fed. R. Civ. P. 25(d).

Moreover, even if Plaintiffs had alleged a claim against the Federal Defendants, they have not alleged any waiver of sovereign immunity as to the claim.

Plaintiffs also make the allegation that the Federal Defendants are "indispensable parties," yet allege no facts in their complaint to support that legal conclusion under Federal Rule of Civil Procedure 19. This Court can rule on the validity of an Illinois law, and decide whether to issue an injunction against the State, without the presence of federal officials.

The Federal Defendants do not belong in this case. The Court should dismiss them.

## BACKGROUND

The Illinois law at the center of this case is the Illinois Healthcare Right of Conscience Act ("Conscience Act"), 745 Ill. Comp. Stat. 70/1-70/14. Enacted in 1977, the Conscience Act protects physicians and other health care personnel from civil or criminal liability if they decline to "participate in any way in any particular form of health care service which is contrary to the[ir] conscience . . . ." 745 Ill. Comp. Stat. 70/4. In 2016, the Conscience Act was amended through Public Act 99-690, also known as SB 1564 ("the Amended Act"). The Amended Act requires health care facilities to adopt and adhere to certain protocols in order to claim the Conscience Act's protections. 745 Ill. Comp. Stat. 70/6.1. Those protocols must provide, among other things, that patients be informed of the "risks and benefits of . . . treatment options in a timely manner, consistent with current standards of medical practice . . . ." 745 Ill. Comp. Stat. 70/6.1(1). The protocols also must provide that if a patient requests a health care service to which the provider objects on grounds of conscience, the patient will be "referred, transferred, or given information" about the requested service. 745 Ill. Comp. Stat. 70/6.1(2).

Plaintiffs are an Illinois physician, a not-for-profit pregnancy center, and a faith-based Christian ministry. *See* Compl. ¶¶ 4-6, 14, 17-24, 28-31. They filed this action on March 16,

2017, and named as defendants Bruce Rauner, the Governor of Illinois, Bryan A. Schneider, the Secretary of the Illinois Department of Financial and Professional Regulation (with Rauner, "the State Defendants"), and the Federal Defendants. *Id.* ¶¶ 7-10. The Defendants are all sued in their official capacities, and the Federal Defendants are allegedly sued as "indispensable part[ies] under Fed. R. Civ. P. 19." *Id.* Plaintiffs allege that the Conscience Act, as amended, requires them to violate their sincerely held religious convictions regarding abortion by compelling them to, among other things, discuss the benefits of abortion, refer women for abortions, transfer a patient to an abortion provider, and provide a patient with information about abortion providers. *Id.* ¶¶ 2, 15-16, 24, 26, 37. They bring nine causes of action, consisting of four First Amendment claims that the Conscience Act, as amended, violates protections on free speech, expressive association, and religious exercise; a due process claim; an Equal Protection claim; and three claims for alleged violations of federal laws governing the provision of federal assistance to states and localities. *Id.* ¶¶ 55-105.

Plaintiffs have moved for a preliminary injunction, and the State Defendants have moved to dismiss. *See* Pls.' Mot. for Prelim. Inj., ECF No. 2; Defs.' Mot. to Dismiss, ECF No. 16. Those motions are fully briefed, and the four briefs filed by Plaintiffs and the State Defendants provide additional details about the scope of what the Amended Act allegedly does, or does not, require of Plaintiffs. *See* Pls. Mem. in Supp. of Mot. for Prelim. Inj., ECF No. 3; State Defs.' Combined Mem. in Supp. of Mot. to Dismiss, ECF No. 17-1; Pls.' Combined Mem. Replying in Supp., ECF No. 25; State Defs.' Reply in Supp. of their Mot. to Dismiss, ECF No. 47. Rather than rehash those submissions, the Federal Defendants note that none of the briefs addresses the Federal Defendants' role in this case, and Plaintiffs' motion for preliminary injunction—like their

complaint—seeks no relief against the Federal Defendants. *See* Pls.' Mot. for Prelim. Inj., ECF No. 2 (seeking an injunction against only the State Defendants).

## LEGAL STANDARD

The Federal Defendants move to dismiss under three provisions of the Federal Rules of Civil Procedure: for lack of subject matter jurisdiction, under Rule 12(b)(1); for failure to state a claim, under Rule 12(b)(6); and for misjoinder of parties, under Rule 21.

Plaintiffs bear the burden of demonstrating that the Court has subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (lack of jurisdiction is presumed and party asserting it bears burden of proof). At the motion-to-dismiss stage, they must make this showing through well-pleaded factual allegations in the complaint. *See Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" nor do "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Courts, moreover, do not assume the truth of legal conclusions included in the complaint. *Id.*

A party that has been improperly joined may move to be dropped from a case under Rule 21. *See* Fed. R. Civ. P. 21. When Rule 19 is the source of improper joinder, "dismissal pursuant to [Rule] 21 is proper." *Krueger v. Cartwright*, 996 F.2d 928, 934 (7th Cir. 1993).

## ARGUMENT

**I.     Plaintiffs Do Not Have Standing to Sue the Federal Defendants.**

"[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (citation omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The plaintiff must establish these elements "for each claim he seeks to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1647 (2017) (citation omitted). Accordingly, the plaintiff must satisfy "the standing requirements with respect to each defendant" named in the complaint. *Bostic v. Schaefer*, 760 F.3d 352, 371 (4th Cir. 2014); *see also Buchholz v. Rural Cmty. Ins. Co.*, No. 05C0115C, 2005 WL 1711153, at *1 (W.D. Wis. July 20, 2005) (plaintiff must "establish standing as to *each defendant* sued" (emphasis in original)). The plaintiff "bears the burden of establishing the[] elements" of standing, and, "at the pleading stage, the plaintiff must 'clearly allege facts demonstrating' each element." *Spokeo*, 136 S. Ct. at 1547 (alteration omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Plaintiffs lack standing to bring the Federal Defendants into their dispute with the State. In particular, they have not alleged any facts that establish the second (causation) requirement of the standing inquiry. The Amended Act, and any efforts by the State Defendants to enforce it, are the only alleged sources of Plaintiffs' injuries. *See, e.g.*, Compl. ¶ 2 (alleging that the Amended Act "prevents the Plaintiffs from providing healthcare and other assistance to individuals who seek help from them in the manner required by their sincerely held religious convictions"). None of the complaint's nine counts challenges a federal law, policy, or action, *see id.* ¶¶ 55-105, nor do any of the complaint's remaining paragraphs allege facts showing that the Federal Defendants have caused injury to Plaintiffs, *see id.* ¶¶ 1-54. To be sure, Plaintiffs invoke three federal statutory

provisions, each of which mentions federal funds that are provided to states like Illinois. *See* Compl. ¶¶ 88-105 (bringing claims under the 2016 Consolidated Appropriations Act, Pub. L. No. 114-113, Division H, Title V, § 507(d) ("the Weldon Amendment"), 42 U.S.C. § 300a-7 ("the Church Amendments"), and 42 U.S.C. § 238n ("the Coats-Snowe Amendment")). But Plaintiffs do not allege that the Federal Defendants violated these provisions or that such violations caused any injury. Because Plaintiffs "do not allege any improper conduct by the federal defendants or any injury caused by them," they have failed to allege the minimum facts necessary to establish causation and bring the Federal Defendants into this suit. *Buchholz*, 2005 WL 1711153, at *1.

## II. The Federal Defendants Have Not Alleged a Waiver of Sovereign Immunity.

Plaintiffs have not alleged a claim against the Federal Defendants. And even if Plaintiffs had alleged a claim, they have alleged no waiver of sovereign immunity.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity also applies where, as here, plaintiffs bring suit against federal officials acting in their official capacities. *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (per curiam); *Dugan v. Rank*, 372 U.S. 609, 620 (1963). A waiver of sovereign immunity must be "'unequivocally expressed' in the statutory text" and "strictly construed . . . in favor of the sovereign." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). Plaintiffs bear the burden of identifying any federal law that waives sovereign immunity. *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003) (per curiam).[2]

---

[2] Although sovereign immunity is not a jurisdictional issue in this circuit, *see Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008), a valid waiver is still necessary to survive a 12(b)(6) motion to dismiss, *see O'Donnell v. United States*, No. 13-CV-1238-JPG-PMF, 2014 WL 5350448, at *1 (S.D. Ill. Oct. 21, 2014), *aff'd*, 611 F. App'x 879 (7th Cir. 2015).

Plaintiffs have not alleged a waiver of sovereign immunity that would permit them to join the Federal Defendants. *Id*. at 912 ("To maintain an action against the United States in federal court, a plaintiff *must* identify . . . a federal law that waives the sovereign immunity of the United States . . . ." (emphasis added)); *see also Ohio Cas. Ins. Co. v. Reed*, No. 1:04-CV-2027-DFH-WTL, 2005 WL 1703256, at *4 (S.D. Ind. July 20, 2005) (sovereign immunity applies even when Rule 19 might otherwise permit joinder). Absent the allegation of a waiver, the Federal Defendants must be dismissed.

### III. The Federal Defendants Are Not Required Parties Under Rule 19.

On the face of the complaint, lack of standing and sovereign immunity both bar Plaintiffs from bringing the Federal Defendants into this case. But even if those barriers did not exist, Rule 19 would not serve as a valid basis for joining the Federal Defendants. Rule 19(a) outlines three circumstances under which a party must be joined (if feasible). Fed. R. Civ. P. 19(a). First, a party must be joined if, "in that [party's] absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Additionally, if a party "claims an interest relating to the subject of the action," then it must be joined if "disposing of the action in the [party's] absence may: (i) as a practical matter impair or impede the [party's] ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). Plaintiffs, as the parties invoking Rule 19, "bear[] the initial burden to show why a party is necessary under Subsection (a)." *Seah Chee Wei v. Rocky Point Int'l LLC*, No. 16-CV-1282-JPS, 2017 WL 1194225, at *2 (E.D. Wis. Mar. 30, 2017).

Plaintiffs do not allege that the Federal Defendants meet any of the three criteria for required parties under Rule 19(a). First, Plaintiffs do not allege that the Federal Defendants must

be present in order to provide "complete relief" among Plaintiffs and the State Defendants. *See* Fed. R. Civ. P. 19(a)(1)(A). "The term complete relief refers only to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Ochs v. Hindman*, 984 F. Supp. 2d 903, 908 (N.D. Ill. 2013) (quoting *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992)). And here, Plaintiffs seek relief exclusively against the State Defendants. *See* Compl. at 24-25 (requesting declaratory and injunctive relief with respect to the State Defendants, but not the Federal Defendants). The Federal Defendants do not need to be parties to this case in order for this Court to grant that relief.[3]

Second, the Federal Defendants do not need to be parties to this suit to protect their interests. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). The Federal Defendants may protect their interests through 28 U.S.C. § 517, which allows the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States . . . ." *Cf. Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 359 (2d Cir. 2015) (holding that New York was not a required party under Rule 19 in part because a federal statute authorizes states to intervene to defend the constitutionality of their laws). Because the Federal Defendants would remain free to request that the Department of Justice file a statement of interest, even if they are not joined as parties, they are not subject to mandatory joinder.

Finally, there is no risk of "double, multiple, or otherwise inconsistent obligations" in the absence of the Federal Defendants as parties. *See* Fed. R. Civ. P. 19(1)(B)(ii). The question this Court must decide—whether the Amended Act is valid—does not risk making any party doubly liable for a money judgment or otherwise create the risk of inconsistent obligations. There is thus no basis for joining the Federal Defendants pursuant to Rule 19.

---

[3] Plaintiffs make the conclusory allegation that the Federal Defendants are "indispensable parties," without alleging any facts in support of their conclusion. Such threadbare legal conclusions are legally insufficient for joinder.

## CONCLUSION

For the foregoing reasons, this Court should grant the Federal Defendants' motion to dismiss and drop them as parties from this case.

Dated: July 31, 2017					Respectfully submitted,

							CHAD A. READLER
							Acting Assistant Attorney General

							SHEILA M. LIEBER
							Deputy Director, Federal Programs Branch

							*/s/ Michael H. Baer*
							MICHAEL H. BAER
							Trial Attorney (NY Bar No. 5384300)
							U.S. Department of Justice,
							Civil Division, Federal Programs Branch
							20 Massachusetts Avenue, NW
							Washington, D.C. 20530
							Telephone:	(202) 305-8573
							Facsimile:	(202) 616-8460
							E-mail:		Michael.H.Baer@usdoj.gov

							*Counsel for Federal Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Memorandum in Support of Motion to Dismiss was filed electronically through the Northern District of Illinois Electronic Filing System. Notice of this filing will be sent by operation of the court's Electronic Filing System to all registered users in this case. All counsel to have filed a notice of appearance are registered users.

/s/ Michael H. Baer
MICHAEL H. BAER
Trial Attorney (NY Bar No. 5384300)
U.S. Department of Justice,
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone:     (202) 305-8573
Facsimile:     (202) 616-8460
E-mail:        Michael.H.Baer@usdoj.gov

*Counsel for Federal Defendants*