**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Dr. Ronald L. Schroeder, et al. | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No: 17 C 4663 |
| | ) | |
| Governor Bruce Rauner, et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

**ORDER**

Plaintiffs' motion for preliminary injunction [2] is denied without prejudice to refiling should the preliminary injunction entered in National Institute of Family and Life Advocates v. Governor Bruce Rauner, No. 16 C 50310, be dissolved or otherwise prove insufficient during the pendency of this case. Motion to dismiss by Governor Rauner and Bryan A. Schneider [16] is granted in part and denied in part. All claims against Governor Rauner are dismissed and he is terminated as a defendant in this case. Counts III, and VI-IX are dismissed with prejudice. The parties are directed to show cause in writing within 30 days why this case should not be consolidated with National Institute of Family and Life Advocates, et al. v. Governor Bruce Rauner, No. 16 C 50310.

**STATEMENT**

Plaintiffs, Doctor Ronald L. Schroeder, 1st Way Pregnancy Support Services, and Pregnancy Aid Southwest Suburbs, filed a complaint in the United States District Court for the Central District of Illinois challenging the constitutionality of an amendment to the Illinois Healthcare Right of Conscience Act ("HCRCA"), 745 ILCS 70/1 et seq. Because this case is substantially similar to another case pending in this district, National Institute of Family and Life Advocates v. Governor Bruce Rauner, No. 16 C 50310 (N.D. Ill. July 19, 2017), it was transferred to this district to conserve time and resources. Pending before the court are plaintiffs' motion for preliminary injunction and a motion to dismiss filed by defendants', Governor Bruce Rauner's and Secretary of the Illinois Department of Financial & Professional Regulation Bryan A. Schneider's. For the reasons that follow, the motion for a preliminary injunction is denied without prejudice and the motion to dismiss is granted in part and denied in part.

**I. PRELIMINARY INJUNCTION**

In their motion for a preliminary injunction, plaintiffs seek an order enjoining defendants from taking any action against plaintiffs because the plaintiffs did not comply with the provisions of the HCRCA by reason of their sincerely-held religious convictions. However, plaintiffs already attained this relief when in National Institute of Family and Life Advocates this court enjoined enforcement of the amended act to the extent that enforcement would penalize health care facilities,

health care personnel, or physicians who would object to providing information about health care providers who may offer abortion or who object to describing abortion as a beneficial treatment option. Nat'l Inst. of Family and Life Advocates, No. 16 C 50310, E.F.C. No. 65. In light of this injunction prohibiting state-wide enforcement of the HCRCA, plaintiffs' motion for preliminary injunction is denied without prejudice to refiling should the preliminary injunction entered in National Institute of Family and Life Advocates be dissolved or otherwise prove insufficient during the pendency of this case.

## II. MOTION TO DISMISS

Defendants argue that plaintiffs' claims against Governor Rauner should be dismissed because he is not a proper defendant in a case challenging the constitutionality of a state statute. In support of this argument, defendants cite Illinois League of Advocates for the Developmentally Disabled v. Quinn, No. 13 C 1300, 2013 WL 5548929, at *4 (N.D. Ill. Oct. 8, 2013) (citing Ex Parte Young in concluding that Governor Quinn was not a proper defendant because a proper defendant must have some connection with the enforcement of the challenged law and the governor's general obligations to enforce the law are insufficient), and Weinstein v. Edgar, 826 F. Supp. 1165, 1166 (N.D. Ill. 1993) ("Implicit in the right to sue state officials for prospective injunctive relief, however, is the requirement that the state official bear some connection with the enforcement of the challenged statute."). Plaintiffs do not respond to this argument or take issue with these authorities. Governor Rauner was dismissed as a defendant in National Institute of Family and Life Advocates on this basis. Accordingly, the claims against Governor Rauner are dismissed and he is terminated as a defendant in this case.

Defendants also attack plaintiffs' First Amendment claims alleged in Counts I, II, IV, and V, but advance mostly substantive arguments that are beyond the purview of a motion to dismiss. Thus, the court finds it inappropriate to dismiss these claims at this time. Moreover, in light of this court's finding in National Institute of Family and Life Advocates that plaintiffs made a substantial showing of a likelihood of success on their First Amendment Free Speech claim, the parties are directed to show cause why this case should not be consolidated with National Institute of Family and Life Advocates so that the efficiencies the Central District of Illinois court contemplated can be achieved and all the plaintiffs challenging the HCRCA can decide together which theories they wish to advance.

Defendants also argue that plaintiffs' Fourteenth Amendment Due Process claim alleged in Count III fails because the HCRCA is not vague in the ways alleged by plaintiffs. However, there is a further important limitation on substantive due process claims: if a more specific right addresses the alleged conduct, then that is the right the plaintiff must pursue, not the more generalized notion of substantive due process. Graham v. Connor, 490 U.S. 386, 395 (1989). Thus, the more specific First Amendment claim precludes the viability of a Due Process claim. Accordingly, Count III is dismissed.

Next, defendants argue that plaintiffs' Equal Protection claim in Count VI should be dismissed. As with the Equal Protection claim brought in National Institute of Family and Life Advocates, the court finds plaintiffs' Count VI in this case to be unnecessary and redundant to plaintiffs' more specific First Amendment claims. See Goodman v. Carter, No. 2000 C 948, 2001

WL 755137, at *7 (N.D. Ill. July 2, 2001) (finding a separate equal protection analysis unnecessary because "the protection afforded religious practice by the Equal Protection Clause is no greater than that granted by the First Amendment"). Accordingly, Count VI is dismissed.

Defendants also move to dismiss Counts VII-IX, arguing that plaintiffs' claims under the Continuing Appropriations Act of 2016, Pub. L. 114-113, Title V, § 507(d), (Count VI); the Church Amendment, 42 U.S.C., § 300a-7 (Count VII); and the Coats-Snowe Amendment, 42 U.S.C. § 238n, (Count IX), fail because there is no private right of action under these statutes. The court agrees. The remedy for violation of spending legislation like the Continuing Appropriations Act is the loss of federal funding. In the absence of an individual entitlement, there is no private right of action enforceable through § 1983. Gonzaga Univ. v. Doe, 536 U.S. 273, 287 (2002); see also Alexander v. Sandoval, 532 U.S. 275, 289 (2001) ("So far as we can tell, this authorizing portion of § 602 reveals no congressional intent to create a private right of action."). Similarly, there is no private right of action under the Church Amendment. Hellwege v. Tampa Family Health Ctrs., 103 F. Supp. 3d 1303, 1312 (M.D. Fla. 2015) (finding no express or implied private right of action under the Church Amendments). This court has already found that there is no private right of action under the Coates-Snowe Amendment, see Nat'l Inst. of Family and Life Advocates, No. 16 C 50310, E.C.F. No. 65 at *4, and will adhere to that ruling in this case as well. For these reasons, Counts VII-IX are dismissed with prejudice.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion for preliminary injunction is denied without prejudice. The motion to dismiss by defendants Rauner and Schneider is granted in part and denied in part. All claims against Governor Rauner are dismissed and he is terminated as a defendant in this case. Counts III, and VI-IX are dismissed with prejudice. The parties are directed to show cause in writing within 30 days why this case should not be consolidated with National Institute of Family and Life Advocates.

Date: 10/27/2017

ENTER:

_____

FREDERICK J. KAPALA

District Judge